PATRICIA McCARTHY ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 225196
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 29, 1979

*Kopkind, Flynn & Raccio,* for the named plaintiff and the plaintiffs Wayne Monty and Glenn Davis.

*Myron B. Bell,* for the defendants the city of New London and C. Francis Driscoll.

*Day, Berry & Howard,* for the defendants the Hartford Courant and Michael Whalen.

*Mitchell W. Pearlman,* for the named defendant.

BIELUCH, J. This is an appeal from a decision of the freedom of information commission (hereinafter the commission). On October 25, 1978, the commission ordered the city of New London to release to the Hartford Courant certain records pertaining to complaints against New London police officers and to disciplinary action taken thereon. The plaintiffs herein, present and former police officers, moved to stay the commission's order. The court, after a hearing on the motion, rendered a temporary order staying the release of the requested information relating to the plaintiffs only, reserving its final determination until this time.

Any "party" who is aggrieved by the commission's decision may appeal in accordance with General Statutes § 4-183. General Statutes § 1-21i (d). The application for a stay of the commission's decision is authorized by § 4-183 (c) of the Uniform Administrative Procedure Act. Section 4-183 (c) does not indicate the criteria to be used by the court in determining when a stay should be ordered. The federal courts consider the factors first enumerated in *Virginia Petroleum Jobbers Assn.* v. *Federal Power Commission,* 259 F.2d 921, 925 (D.C. Cir.), in

ruling on a motion to stay an administrative order pending judicial review. Under those criteria a petitioner is required to show: (1) that there is a strong likelihood of prevailing on the merits of the appeal; (2) that there is a probability of irreparable injury without such relief; (3) that no other parties of interest in the proceedings would be substantially harmed by the granting of a stay; and (4) that the public interest in the administrative ruling would not be prejudiced by a stay. See also *Hamlin Testing Laboratories, Inc.* v. *United States Atomic Energy Commission,* 337 F.2d 221, 222–23 (6th Cir.).

There are only two reported Connecticut cases on this issue, and both were decided in the former Court of Common Pleas. In *Waterbury Hospital* v. *Commission on Hospitals & Health Care,* 30 Conn. Sup. 352, the court (pp. 354–55) expressly adopted the above four-point federal test. Applying those criteria to the facts before it, the court denied the plaintiff's application for a stay of the administrative order directing the refund of rate increases collected prior to their approval by the defendant commission. The court found that the plaintiff had failed to satisfy the first, second and fourth requirements for the grant of a stay under the federal rule.

Subsequently, in *Connecticut Life & Health Ins. Guaranty Assn.* v. *Daly,* 35 Conn. Sup. 13, 16, the court rejected the federal standard as applied in the *Waterbury Hospital* case. The court based its rejection on the fact that the federal administrative procedure act (formerly 5 U.S.C. § 1009 (d), now 5 U.S.C. § 705) "specifically provides that stay orders may be granted 'to the extent necessary to prevent irreparable injury,'" while the stay provision in § 4-183 (c) "unlike the federal act, contains no irreparable injury standard." Calling the federal test proposed by the *Waterbury Hospital* case "too

stringent," the court instead, relying upon the analysis of judicial decisions in 2 Cooper, State Administrative Law, p. 629, applied "a balancing test—a test which weighs the equities and balances the harm that may be suffered by the appellant as a result of enforcement of the agency order or decision, pending the appeal, against the public harm that may result from delaying the effectiveness of the order or decision." *Connecticut Life & Health Ins. Guaranty Assn.* v. *Daly,* supra, 16–17.

The *Connecticut Life* case involved the application of § 38-308 (j) of the General Statutes which concerned the obligations of the plaintiff to the policyholders of an impaired insurer. The dispute concerned the amount of the plaintiff's liability. The plaintiff claimed, and the court found (p. 17), that a stay was necessary because, if the plaintiff were forced to pay the amount ordered by the commissioner, there was "a real and substantial risk that those disbursements may not be recoverable by the plaintiff if it ultimately succeeds on the merits in its litigation."

The uncertainty of recovering overpayments to policyholders was the overriding consideration for the extension of the stay in *Connecticut Life.* The irretrievability of the information ordered released by the commission here is the equity conclusive of the plaintiffs' right to a stay pending the ultimate determination of this appeal.

Breach of secrecy is the heart of freedom of information proceedings. A secret has but one life, and that, a private one. Once unlocked by order of the commission, before or after court review, a "secret" becomes purposely known in the public domain and forever gone, never again to be recaptured and restored to its privacy, even if later found

to have been released by error of law. Secrets once open, like unkind words, can never be recalled. Given the nature of a freedom of information proceeding — the forced disclosure of restricted information — and absent a compelling higher public interest, the equities weigh in favor of a plaintiff seeking to stay the ordered public delivery of confined records pending a judicial review of the order granted him by a law of equal importance. It is a maxim of law that "equality is equity."

The previous court tests for staying administrative orders pending judicial review do not meet the special issue presented in appeals from rulings ordering the release of information. Freedom of information cannot be unbridled from court review. The right of a citizen to freedom of information must be balanced by the correlative right of a party connected by subject or source to such information to have the release of his information reviewed by the court before its dissemination to the public. Otherwise, the court, by denying a stay of the commission's order for the release of records, becomes an instrument in the nullification of judicial review and, thereby, in the denial of equal access to the law to parties such as the plaintiffs.

This singular nature of an appeal from a freedom of information grant requires the issuance of a stay in order to preserve the plaintiffs' statutory right of appeal under § 1-21i (d). Should a stay be denied here, the irretrievable nature of the information ordered released would preclude the court from performing its judicial duty to provide a meaningful remedy, upon proof of entitlement by the plaintiffs, thereby rendering their appeal moot and overturning the court's jurisdiction to review the commission's order, the fundamental reason for this appeal. "It is a well-settled general rule that

the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Eastern Electric Construction Co.* v. *Morrissey,* 142 Conn. 742, 743, citing *Reynolds* v. *Vroom,* 130 Conn. 512, 515, and *State ex rel. Foote* v. *Bartholomew,* 106 Conn. 698, 701.

If the plaintiffs were to be denied a stay of the commission's decision and the requested records were, accordingly, to be released as ordered, the defendants could then contest the court's jurisdiction on the ground of mootness. Precedent for such a move in freedom of information cases exists in the federal courts. In *Cuneo* v. *Rumsfeld,* 553 F.2d 1360 (D.C. Cir.), the plaintiff had sought production of the defense department's Defense Contract Audit Manual. The government resisted disclosure and suit was brought in the district court under the federal Freedom of Information Act (FOIA) to compel the release of the material. During the pendency of the lengthy litigation over the plaintiff's right to the information, the defendants, the secretary of defense and the director of the defense contract audit agency, voluntarily released the manual which the plaintiff had requested. The defendants then filed a motion in the district court to dismiss the FOIA suit on the ground of mootness. The district court granted the motion, but retained jurisdiction to consider the award of attorney fees, which was the subject of further proceedings and the reported decision.

Similarly, here, the release of the requested information by the commission upon a denial of a stay to the plaintiffs would render the case moot and thereby subject to dismissal by the court and

to nullification of judicial review. Consequently, in order to preserve the plaintiffs' statutory right of appeal, the stay must be granted.

The order of the commission on review in this appeal directs the release of records of both citizen complaints filed against police officers of New London between January, 1970, and June 15, 1978, and resulting disciplinary action. At the hearing before the commission, the plaintiffs were made parties, and the Police Union Local 724, Council 15 of the American Federation of State, County and Municipal Employees, AFL-CIO, and an attorney were granted the status of intervenors.

Section 4-183 of the Uniform Administrative Procedure Act permits any aggrieved "person" to appeal from administrative decisions. Public Acts 1977, No. 77-603 (P.A. 77-603) was enacted for the purpose of extending the applicability of § 4-183 to various agencies previously subject to individual statutory provisions governing appeals from their decisions. Section 2 of P.A. 77-603 amended § 1-21i (d) to provide that appeals from the freedom of information commission are to be governed by the terms of § 4-183. At the same time, however, in this singular instance, the amendment also restricted the right of appeal. Unlike § 4-183 and the former provision of § 1-21i (d), an appeal from a decision of the commission now may be taken only by an aggrieved "party," and not by any aggrieved "person." By virtue of this change, only the plaintiffs could appeal from the commission's order of October 25, 1978.

In their application to stay enforcement of the commission's decision, the plaintiffs request "that the proceedings upon the decision of the Freedom of Information Commission, as well as compliance therewith, be stayed until such time as the appeal

is reviewed and a decision reached by the courts." The wide sweep of the stay sought by the plaintiffs would extend to records of citizen complaints and disciplinary action thereon pertaining to all police officers of the city, since such was the ambit of the commission's order. Inasmuch as no other officers are parties to this appeal, the court's jurisdiction to issue a stay cannot reach their disciplinary records and citizen complaints. For that reason, the court has no authority to grant the broad stay requested but must limit its ruling only to the interests of the plaintiffs in the commission's order.

The plaintiffs' reliance upon General Statutes § 54-142a (formerly § 54-90) is misplaced. That statute requires the erasure of all police, court and prosecutorial records in the event of acquittal, nolle or absolute pardon of criminal charges. The beneficiaries of its provisions are only the accused in criminal cases. Its coverage cannot be extended collaterally to records of complaints and disciplinary proceedings involving police officers associated with such criminal cases. The erasure of criminal records demanded by § 54-142a is a personal right of the accused only. The information ordered by the commission in the proceedings here is not subject to the protection of the erasure law. Consequently, the court finds no conflict between the Freedom of Information Act, as applied here, and § 54-142a.

For the foregoing reasons, the stay requested by the plaintiffs is granted as to records pertaining to them. Therefore, it is hereby ordered that the defendants, and each of them, refrain from disclosing or releasing any information relating to the plaintiffs only and pertaining to the decision of the freedom of information commission, as well as compliance therewith, until the termination of this appeal and the further order of the court.