STATE OF CONNECTICUT *v.* ANONYMOUS (1980-1) *

(two cases)

SUPERIOR COURT

* Thus entitled, in view of General Statutes § 54-142a.

BIELUCH, J. The defendant in each of these cases is charged with assault. They are now being tried jointly before the court. The victim of the alleged assault claims to have suffered very serious injuries and has instituted a civil action against the defendants and others for damages. Counsel appearing for the defendants in the criminal cases do not represent them in the related civil suit.

In the first case counsel representing the defendant in that case in the civil action has filed in his behalf a motion for permission of the court to obtain daily transcripts of the testimony of certain witnesses in the criminal trial, which testimony he alleges "will be of extreme importance to our client in said civil litigation." Both defendants have endorsed their individual consent to this motion and the assistant state's attorney does not object to it. The defendant in the second case and the assistant state's attorney thereafter filed separate motions for permission to obtain similar transcripts for their respective use in the criminal proceedings. In addition, the second defendant has also, with the consent of the first defendant, requested the use of such transcripts in his defense of the civil suit, alleging the same importance as the first motion. By not objecting to any of these motions the parties mutually support their respective petitions for current transcripts of testimony for immediate use in the prosecution and defense of the criminal charges and for posttrial use in the parallel civil suit in the event of the acquittal of one or both of the defendants hereafter by this court.

The questions presented here are unanswered at this time by the legislature and the courts. They arise from the superimposition of transcript prohibition over transcript provision without proper matchmarks for the uniform alignment and consistent application of their respective provisions. General Statutes § 51-61 provides generally that "[e]ach official court reporter . . . shall, when requested, furnish . . . to any party of record, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired." This statute is now subject to the law for the erasure of criminal records; General Statutes § 54-142a (formerly § 54-90); which had its origin in 1963 Public Acts, No. 482.

Section 54-142a requires the erasure of all police, court and prosecutorial records in the event of acquittal, nolle or absolute pardon of criminal charges. *McCarthy* v. *Freedom of Information Commission,* 35 Conn. Sup. 186, 193. Such court records include transcripts of criminal proceedings. *Lechner* v. *Holmberg,* 165 Conn. 152, 160. In *Lechner* a person acquitted of criminal charges arising from an automobile accident sought release of a transcript of that trial for use in a related wrongful death action subsequently brought against him. The court denied the request and concluded that the erasure law, § 54-90 (now § 54-142a) prohibited the defendants from delivering the transcript to him. *Lechner,* however, is no longer the law. In response to that ruling the General Assembly in 1974 amended the erasure statute by adding what is now subsection (f). 1974 Public Acts, No. 74-163 § 3. This change allows limited disclosure of erased records. Relevant here is the following: "Upon motion properly brought, the court or a judge thereof, if such court is not in session, (1) may order disclosure of such records to the accused if

the court or judge thereof, as the case may be, finds that nondisclosure may be harmful to the accused in a civil action . . . ." General Statutes § 54-142a (f).

Subsection (f) of § 54-90 (now § 54-142a) was reviewed by the court in its consideration of another provision allowing disclosure in a specific situation in *State* v. *Cutler*, 33 Conn. Sup. 158. In that case criminal charges against the accused were nolled. Subsequently he brought an action for malicious prosecution against the complainant and its alleged principal. Before the erasure of the criminal records after the entry of the nolle became effective under § 54-90 (c), the defendants sought the disclosure or preservation of all police, court and prosecutorial records under the terms of subsection (f) allowing "disclosure to a defendant or the accused in an action for false arrest arising out of the proceedings so erased." Although the court focused on this particular exclusion from erasure, it considered (p. 161) the entirety of § 54-90 (f) to "remed[y] the decision of the Supreme Court in *Lechner* v. *Holmberg*, 165 Conn. 152, which interprets an earlier version of § 54-90 as precluding any disclosure." Since the statute was remedial in nature, and therefore to be construed liberally to effect its purpose, the court extended the disclosure allowed in false arrest actions to malicious prosecution suits and granted the motions to disclose and to preserve the relevant criminal court records. *State* v. *Cutler*, supra, 162–65.

It is clear, therefore, that under § 54-142a (f) the accused upon their acquittal in these cases would be entitled to obtain transcripts of the criminal proceedings upon a finding "that nondisclosure may be harmful to the accused in a civil action." The first question raised by their requests for transcripts before acquittal is whether they must wait until the judgments are entered in their criminal trials. The

answer to this is readily apparent. The accused fall within the range of two alternative conclusions in these proceedings. One is a finding of guilty, in which event the erasure law will not thereafter apply. The other is their acquittal, after which they will be protected by the erasure provisions of § 54-142a, subject to the exception allowed them by subsection (f). Their entitlement to release of the transcripts under subsection (f) after the dismissal of the criminal charges, therefore, should enable them to anticipate such disclosure under the conditions of subsection (f) even before the criminal trials are concluded. Their subsequent conviction or acquittal would not create a violation of § 54-142a from the early release of the transcripts under the terms of subsection (f).

The second question to be considered is whether nondisclosure may be "harmful to the accused in a civil action" under subsection (f). The supporting allegation in the motion of each accused is that the sworn testimony of certain witnessses "will be of extreme importance" to the accused in the related civil litigation. While the defendants' motions are not in the exact terms required by subsection (f), the court is of the opinion that the two expressions assert the same conclusion, the statute using the negative and the motions the positive form of the necessary finding for disclosure.

The final question for consideration is the right of the prosecutor and of the defendant to a daily or interim transcript for use during the criminal trial. The availability and use of daily transcripts in the prosecution and defense of an important or lengthy trial is a well known practice. Its importance to counsel in the examination of witnesses and argument to the court or jury is undeniably apparent to the bench and bar and an expense often

14

justified. In *State* v. *Hoyt*, 47 Conn. 518, an appeal from a murder conviction, the court commented on this practice (p. 534) as follows: "The court, under a recent statute and at large expense to the state, employed stenographers to take the testimony in full, and directed that full copies of the testimony taken each day be delivered to the counsel for the accused on the morning of the day succeeding, which was complied with." The court reporter must be a skillful stenographer. General Statutes § 51-60. Trial notes by counsel cannot meet the advantage of an official transcript and a litigant is entitled to all reasonable means of ensuring a fair and just trial. The possible acquittal of an accused after trial should not deprive either the prosecution or the accused of the use of an interim transcript during trial, provided adequate safeguards can be taken for the preservation of the accused's rights under the provisions of § 54-142a for erasure after acquittal.

For the foregoing reasons, the following orders are entered:

1. The motion of the defendants to obtain daily trial transcripts for use in the pending civil action against them is granted;

2. The motion of the defendant to obtain daily trial transcripts for use in the defense of his criminal trial is granted, provided, however, that in the event of his acquittal, such transcripts as he shall not thereafter need for use in the pending civil action against him shall be returned to the court reporter for filing with the court records and erasure under the law;

3. The motion of the assistant state's attorney to obtain daily trial transcripts for use in the prosecution of the criminal charges is granted, provided,

however, that in the event either defendant is acquitted, the transcripts relating thereto shall be erased with all other prosecutorial records pertaining to the defendant under the law.