[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Smith Smith for plaintiff.
Connecticut FOIC for defendant.
The plaintiff Patrick J. Bona, chief of police of the Middlebury police department, has appealed from a final decision of the defendant Freedom of Information Commission (hereafter CT Page 11233 "FOIC") ordering the plaintiff to disclose a police report concerning an alleged incident at the Middlebury home of Deborah Rowland, ex-wife of the defendant John Rowland. John Rowland is a gubernatorial candidate in the election to be held next Tuesday, November 8. The plaintiff has also applied for a stay of the FOIC decision pursuant to General Statutes § 4-183(c), which provides the court with the authority to grant such a stay "on appropriate terms." Issuance of a stay is opposed by the FOIC and the other defendants, The Hartford Courant and its reporters, who initially requested the police report. The court has held a hearing on the application for stay at which all parties were heard.
Our Connecticut Supreme Court has analogized the process of ruling on a stay in an administrative appeal to ruling on a temporary injunction to preserve the status quo pending a full hearing on the merits of a case. Waterbury Teachers Associationv. Freedom of Information Commission, 230 Conn. 441, 451 (1994);Griffin Hospital v. Commission on Hospitals Health Care,196 Conn. 451, 457 (1985). An application for a stay pending appeal calls for the court to exercise its general equitable powers by weighing the same equitable considerations which would be considered in the issuance of a temporary injunction to preserve the status quo pending a final decision in a case. Park CityHospital v. Commission on Hospitals Health Care, 210 Conn. 697,700-701 (1989).
In ruling on a request for a stay under General Statutes § 4-183(c), the court must balance the equities, which includes consideration of: (1) the likelihood that the appellant will prevail on the merits of the appeal; (2) whether appellant will be irreparably harmed in the absence of a stay; (3) the effect of a stay upon other parties to the procedure; and (4) the public interest involved. Griffin Hospital v. Commission onHospitals Health Care, supra, 458-460. The court first considers the merits of this appeal by the plaintiff Chief Bona.
The amended appeal sets forth four claims in support of the request to reverse the decision of the FOIC. The first claim is that the FOIC's final decision results from improper ex parte
communications with the FOIC, in violation of General Statutes § 4-181(c). The second claim is that the FOIC improperly expedited its hearing in this matter, in violation of its own regulations, and thereby deprived the plaintiff of adequate notice and opportunity to prepare for the hearing. The CT Page 11234 plaintiff's third claim is that the FOIC never obtained jurisdiction of this matter because a proper complaint in compliance with General Statutes § 1-21i(b) and FOIC regulations was never filed with the FOIC.
The plaintiff's final claim is that the document in question, a three-page police incident report, is exempt from disclosure under General Statutes § 1-19(b)(3)(G), which exempts from disclosure records of law enforcement agencies which contain uncorroborated allegations which are subject to destruction under General Statutes § 1-20c. Section 1-20c requires law enforcement agencies to review their records containing "uncorroborated allegations that an individual has engaged in criminal activity" one year after the creation of such records. If the alleged criminal activity cannot be corroborated within ninety days of beginning the review, the law enforcement agency is required to destroy the records.
This appeal is brought pursuant to General Statutes § 1-21i(d), as well as General Statutes § 4-183. Section 1-21i(d) permits the court on appeal to conduct an in camera review of the record which is at issue in the appeal. In accordance with the statutory provision, this court has reviewed the police incident report which is at issue in this appeal. (After the review, the report was re-sealed in accordance with Section 1-21i(d). It will remain sealed until further order of the court.)
In accordance with their regulations, the FOIC members also reviewed the police report in camera before rendering their final decision ordering disclosure. Regs., Conn. State Agencies § 1-21j-35(f). After such review, the FOIC concluded that the police report did not "constitute allegations of criminal activity within the meaning of §§ 1-19(b)(3)(G) and 1-20c, G.S." The FOIC made a finding that Chief Bona and Mr. Rowland
 have not cited and the Commission cannot ascertain, any criminal activity, as defined in the Connecticut General Statutes or the United States Code, to which the allegations contained in those records might apply.
Based on its own in camera inspection of the police report in question, the court finds that there is a substantial likelihood that the plaintiff will prevail in his claim that the CT Page 11235 report is exempt from disclosure under General Statutes §§ 1-19(b)(3)(G) and 1-20c, because it contains uncorroborated allegations that an individual has engaged in criminal activity.
Section 1-19(b)(3)(G) exempts from public disclosure
 (3) records of law enforcement agencies not otherwise available to the public which records were compiled in connection with the detection or investigation of crime, if the disclosure of said records would not be in the public interest because it would result in the disclosure of . . . (G) uncorroborated allegations subject to destruction pursuant to section 1-20c. . .
The court finds, based on its in camera review of the police report, that it is: a) a record of a law enforcement agency (the Middlebury police department); b) not otherwise available to the public; and c) a record compiled in connection with the investigation of crime. The court further finds that disclosure would result in making public uncorroborated allegations that an individual has engaged in criminal activity.
A record previously disclosed by the plaintiff reveals that the Middlebury police were called by Ms. Rowland to her home on April 10, 1994. The police report reviewed in camera by the court contains allegations made to the police that an individual had done certain things. If those allegations were substantiated, they would constitute prima facie evidence of at least one criminal offense, a class C misdemeanor. The report reveals an unsuccessful effort by Middlebury police to substantiate the allegations, which therefore remain uncorroborated.
The FOIC's finding that the police report is not exempt from disclosure because the FOIC could not ascertain any criminal activity from the report appears to be clearly erroneous. A section of the third page of the police report in fact identifies by name (through the use of "offense codes") the type of criminal offense which might be at issue if the allegations were to be corroborated. The police report therefore clearly identifies criminal activity which is a violation of Connecticut criminal statutes.
Counsel for The Hartford Courant argues that the exemption under Section 1-19(b)(3)(G) does not apply here because there is no evidence that there has been an attempt to corroborate the CT Page 11236 allegations within the ninety day period required under Section 1-20c. This claim is refuted by reference to the legislative history for the section. Section 1-20c was enacted by the legislature in 1988. The debate on the floor of the House of Representatives reveals the intention to protect such records from disclosure prior to the expiration of the one year and 90-day period. See 31. H.R. Proc., 1988 Session, Pt. 12, p. 4011, remarks of Rep. Emmons and Rep. Levin: "`. . . . And during that period, which is one year and 90 days, are the records open under Chapter 3, or are they closed?' Speaker Stohlberg: `Representative Levin.' Rep. Levin (40th): `Through you, Mr. Speaker, they would be closed.'" In 1990, the legislature specifically amended General Statutes § 1-19b, which sets forth the exemptions from disclosure, to add an exemption for Section 1-20c documents prior to their destruction. In the debate, then-Senator Richard Blumenthal stated
 What this bill does or would do is essentially to provide for an exemption from disclosure under the FOI, the Freedom of Information Act for records for uncorroborated accusations against individuals that are subject to destruction under Section 1-20c of the Connecticut General Statutes. Those are the kinds of records which must be reviewed by a law enforcement agency and destroyed within 90 days if there is no evidence to corroborate the accusations or allegations of an individual.
 The purpose really is to provide some protection for individuals who may be the subject of these kinds of allegations and who deserve some protection against disclosure under the FOIA.
(Emphasis added). Sen. Proc., April 27, 1990, p. 1546.
There is a substantial likelihood that the plaintiff Chief Bona will prevail on the merits of his claim that the police report in question is exempt from public disclosure. (Because of this finding and time constraints, the court does not address the merits of plaintiff's remaining claims.)
Because of the unique nature of an appeal from an FOIC order to disclose a document, the plaintiff clearly would be irreparably harmed if a stay is not issued. In the absence of a stay, the plaintiff is under order from the FOIC to disclose CT Page 11237 the police report. Once the report is disclosed, a final hearing on this appeal would become moot because once the record is made public, confidentiality can never be re-gained. In granting a stay on appeal from an FOIC order of disclosure under very similar circumstances, then-Judge Bieluch stated
 [t]his singular nature of an appeal from a freedom of information grant requires the issuance of a stay in order to preserve the plaintiffs' statutory right of appeal under § 1-21i(d). Should a stay be denied here, the irretrievable nature of the information ordered released would preclude the court from performing its judicial duty to provide a meaningful remedy, upon proof of entitlement by the plaintiffs, thereby rendering their appeal moot and overturning the court's jurisdiction to review the commission's order, the fundamental reason for this appeal.
McCarthy v. Freedom of Information Commission, 35 Conn. Sup. 186,190 (1979). The court finds that the plaintiff will be irreparably harmed in the absence of a stay.
The third factor to be considered by the court in deciding whether to issue a stay is the effect of a stay upon other parties to the appeal. Mr. Rowland is a party defendant to this appeal and has asserted through counsel his strong desire for the issuance of a stay. The Hartford Courant, also a defendant in this appeal, has asserted just as strongly its claim that the public interest in the disclosure of this police report overrides any concerns about privacy. The merits of this contention, however, are not reflected in the provisions of the Freedom of Information Act.
As counsel for The Hartford Courant conceded in argument, the exemptions from disclosure set forth in Section 1-19(b)(3) do not distinguish between ordinary citizens and candidates for public office. If a record meets the requirements for exemption, it is exempt without regard to the identity of the person(s) involved. Moreover, the legislature has defined the public interest within the provisions of the statutory exemption. Section 1-19(b)(3) provides that
 disclosure is not required of records of law enforcement agencies . . . if the disclosure of said records would not be in the public interest because it wouldCT Page 11238 result in the disclosure of . . .
(Emphasis added.) What follows are seven types of information, the disclosure of which is deemed by the legislature to be not in the public interest, including uncorroborated allegations of criminal activity. The court accepts the legislature's determination that it is not in the public interest to disclose a record such as the police report at issue here.
Consideration of all four factors which bear on the issuance of a stay in this case leads inescapably to the conclusion that a stay should issue. The plaintiff's application for stay is granted and enforcement of the decision of the FOIC is stayed pending a final resolution of this appeal.
/s/ Vertefeuille, J. VERTEFEUILLE