BARBARA B. LUTTRELL *v.* JOHN C. LUTTRELL

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued March 4—decision released May 26, 1981

*Francis X. Lennon, Jr.,* for the appellant (defendant).

*Margaret P. Mason,* with whom was *James G. Kenefick, Jr.,* for the appellee (plaintiff).

PER CURIAM. On October 2, 1956, the parties were divorced[1] on the grounds of the defendant husband's "legal confinement, because of incurable mental illness, for at least five years next preceding the date of the complaint in such [divorce] action." General Statutes (Rev. 1949) § 7327. As a result of a stipulation between the plaintiff and the state of Connecticut, acting by its welfare commissioner, the court in the divorce action ordered that the plaintiff pay to the state of Connecticut the sum of fifteen dollars per week for the support of her former spouse, the mentally ill defendant. On April 17, 1980, the defendant filed an amended motion for modification of the judgment, seeking alimony, support and counsel fees. He claimed that, since the time of the judgment, he had been cured of his mental illness and the plaintiff had received a substantial inheritance from which she now derives a substantial income. The court found that the defendant was cured of his mental illness and was no longer supported by the state. It denied the defendant's motion on the grounds that it lacked jurisdiction to modify the original order, to make a new support order, or to award alimony to the defendant. The defendant has

---

[1] General Statutes (Rev. 1949) § 7327 was repealed and substituted with General Statutes § 46-32 (now General Statutes § 46b-40) which provides for a decree of dissolution of a marriage instead of a grant of a divorce.

appealed only from the denial of his motion for support. He has not taken issue with the court's finding that he is no longer mentally ill or that the court lacked jurisdiction to award alimony to him.

The support order in the 1956 divorce decree was based on a stipulation between the plaintiff and the state in which she agreed to pay fifteen dollars per week to the state for the expense of providing care for her former husband who was then confined to a mental institution. The stipulation and order were made pursuant to General Statutes (Cum. Sup. 1955) § 3004d.[2] This section has been repealed and replaced by General Statutes § 46b-85.[3] For the pur-

[2] General Statutes (Cum. Sup. 1955) § 3004d provided: "ORDER FOR SUPPORT OF MENTALLY ILL DEFENDANT. The court may, when a divorce shall be granted on the ground of incurable mental illness, at the time of granting such divorce or at any time thereafter, on application of either party or of the guardian or conservator of the mentally ill spouse, or of any person . . . charged with the support of the mentally ill spouse, or the welfare commissioner if the state is so charged, make such order requiring support of the defendant, or security for such support, as may be proper, but no order shall be made providing for continued support of a sane wife from the estate of a mentally ill husband, after the remarriage of such wife, and any order relating to the support of such defendant, at any time thereafter, on application of either party or of the guardian of the mentally ill spouse, or of any person . . . charged with such support, or the welfare commissioner if the state is so charged, may be set aside or altered by said court. Any order providing for the support of the mentally ill party shall be enforceable in the same manner as orders relating to alimony."

[3] General Statutes § 46b-85 provides: "ORDER FOR SUPPORT OF MENTALLY ILL SPOUSE. At the time of granting dissolution of a marriage to which one party is mentally ill or at any time thereafter, on application of either party or of the guardian or conservator of the mentally ill spouse, or of any person, town or other municipality charged with the support of the mentally ill spouse, or the commissioner of administrative services if the state is charged, the court may make such order requiring support of the mentally ill spouse, or security for support, as may be proper. The court may set aside or alter any such order, at any time thereafter, on application of

poses of this opinion, the relevant language of both statutes has the same meaning. The statute is clear that although the plaintiff divorced her husband, she remained responsible for his support while he was mentally ill.

All four issues raised by the defendant deal with the question of whether the court had the jurisdiction under § 46b-85 to order the plaintiff to provide support for her former spouse once he was cured of his mental illness or was no longer supported by the state. Our conclusion is that § 46b-85 (and its predecessor § 3004d) confers jurisdiction upon the Superior Court to order support only if the former spouse is mentally ill and that the court's jurisdiction ceases when this spouse has been cured of his affliction. This conclusion is dispositive of all the issues raised by the defendant.

In the interpretation of the language of a legislative enactment, "[w]e are confined to the intention which is expressed in the words which the legislature has used." *Baston* v. *Ricci,* 174 Conn. 522, 528, 391 A.2d 161 (1978). " 'The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say.' *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975)." *Lukas* v. *New Haven,* 184 Conn. 205, 212–13, 439 A.2d 949 (1981). If the language of the statute is unambiguous, the intent must be ascertained from that language. *Royce* v. *Heneage,* 170 Conn. 387, 391, 365 A.2d 1109 (1976). If there is no ambiguity in the language of the statute, it

---

either party or of the guardian of the mentally ill spouse, or of any person, town or other municipality charged with support, or the commissioner of administrative services if the state is charged. Any order providing for the support of the mentally ill party shall be enforceable in the same manner as orders relating to alimony."

does not become ambiguous merely because the parties contend for different meanings. *Caldor, Inc.* v. *Heffernan,* 183 Conn. 566, 571, 440 A.2d 767 (1981). This statute does not grant to the court the jurisdiction to order support, or to modify existing support orders, for a former spouse who is no longer mentally ill, even though that spouse is in financial need. If the party is not mentally ill at the time a motion for a support order, or a motion for modification of an existing support order, is heard, then the court lacks jurisdiction. In this case, the court's jurisdiction to order or to modify support payments pursuant to this statute terminated at the time the defendant was cured of his mental illness.

There is no error.