LINDA J. PASCAL *v.* CHARLES J. PASCAL
(2404)
(2471)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued May 3—decision released August 28, 1984

*Louis I. Gladstone,* with whom, on the brief, were *Matthew B. Woods* and *David S. Rutkin,* for the appellant-appellee (plaintiff).

*Ernest C. LaFollette,* for the appellee-appellant (defendant).

DUPONT, J. These two appeals[1] concern various orders made subsequent to the dissolution of the marriage of the parties. When the marriage was dissolved, custody of the two minor children of the plaintiff and the defendant was awarded to the plaintiff wife. The issues on appeal stem from the battle of the parties over the rights of visitation granted to the defendant, and from the amount of child support to be paid by him. One appeal concerns the plaintiff's claim that the trial court erred in ordering psychiatric treatment for one of the minor children. In the other appeal,[2] the defendant claims error of the trial court (1) in awarding an increase in child support payments, (2) in finding him in contempt, (3) in awarding counsel fees to the plain-

---

[1] These appeals, originally filed in the Supreme Court, were transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] During oral argument before this court, the plaintiff's counsel stated that the defendant had left the state since the date of the trial court's orders and that the defendant had consciously avoided his court ordered obligations. The record and transcript here, however, are insufficient to warrant a sua sponte conditional dismissal of the defendant's appeal. *Greenwood v. Greenwood,* 191 Conn. 309, 464 A.2d 771 (1983).

tiff to defend the appeal, and (4) in refusing to erase material in his civil court file relating to previously dismissed criminal charges.

## I

The orders relating to custody were modified several times between the date of the dissolution and January 25, 1982, at which time the defendant was granted reasonable rights of visitation as long as the visits with his children were held at the plaintiff's residence in the presence of other family members. In May of 1982, the defendant filed a motion for modification of visitation rights in which he sought to visit the children outside of the plaintiff's home. The matter was referred to a domestic relations officer who recommended that visitation be confined to the plaintiff's residence and that one of the minor sons and the defendant undergo therapy.[3] The court reserved judgment on the motion for modification but, in accordance with the recommendation, ordered the minor son and the defendant to obtain "therapy in a number of sessions as is felt to be useful by the doctor in question."[4]

The purpose of the order was to improve the father-son relationship and to provide the court with useful information for the resolution of visitation rights. In a memorandum of articulation, the court stated: "Without the benefit of a complete investigation, including a psychiatric evaluation and therapy if required, the Court will not be in a position to determine if there has been a material change in circumstances since the prior court order issued on January 25, 1982. No meaningful hearing can be held on this issue without the bene-

[3] The report of the domestic relations officer stated that "it does not seem likely that a re-established relationship [between the defendant and his son] will come to pass without therapeutic intervention for both father and son."

[4] The order that the defendant undergo therapy is not an issue in either appeal.

fit of expert medical evidence." The plaintiff's motion to vacate the order requiring therapy for her son was denied and the plaintiff appealed.

The merits of the plaintiff's appeal cannot be determined without first deciding whether jurisdiction of the appeal exists. The defendant contends that such an order is not a final judgment from which an appeal properly lies.

The right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court are met. *State* v. *Audet,* 170 Conn. 337, 341–42, 365 A.2d 1082 (1976); *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540 (1965). An appeal may only be taken from a final judgment. General Statutes § 52-263; Practice Book § 3000. The Supreme Court has not used only one standard to determine that quantum of finality which is basic to a right of appeal. An order or action of a trial court is a final judgment for the purposes of an appeal if it either terminates a separate and distinct proceeding or concludes the rights of the parties so that further proceedings cannot affect them.[5] *State* v. *Longo,* 192 Conn. 85, 89, 469 A.2d 1220 (1984). It is the effect rather than the nature of the order or judgment which is critical in determining whether a matter is appealable. *Howarth* v. *Northcott,* supra. Rulings on postjudgment motions to modify an original judgment where the court has continuing jurisdiction are final judgments. *Ostroski* v. *Ostroski,* 135 Conn. 509, 511, 66 A.2d 599 (1949).

The defendant contends that the order for psychiatric therapy is in the nature of a discovery order and is, therefore, nonappealable. See *State* v. *Grotton,* 180 Conn. 290, 429 A.2d 871 (1980); *Chrysler Credit Cor-*

---

[5] When the appeal in this case was pending before the Supreme Court, it twice denied a motion to dismiss made by the defendant on the ground that the order was not a final judgment. The motions were made both prior and subsequent to the trial court's memorandum of articulation.

*poration* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 429 A.2d 478 (1980). In ordering psychiatric therapy, the trial court imposed a condition on the plaintiff's care and custody of her child, and effectively modified the original custody award. The court did not treat its order as one for discovery but as a therapeutic tool.[6] Given this use of the order for therapy, and given its undetermined duration, the court has modified the original judgment which gave the plaintiff exclusive custody of the child. A modification of even a temporary award of custody is reviewable as a final judgment. See *In re Juvenile Appeal (83–CD),* 189 Conn. 276, 455 A.2d 1313 (1983). The noncustodial parent, here the defendant, had not, as of the date of his motion for modification, provided any evidence of a change in circumstances. The court, however, ordered an involuntary submission of the child by the custodial parent to psychiatric examination and treatment. This modification of custody without a requisite showing of a change in circumstances leaves the plaintiff without recourse, short of contempt, unless she has the right of appeal.

Since the order is found to be appealable, the substance of the appeal must be considered. General Statutes § 46b-56 governs the issuance of orders regarding custody in a dissolution action. It provides in pertinent part as follows: "(a) In any controversy before the superior court as to the custody or care of minor children . . . the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o. . . . (b) In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child . . . ." The court's broad discretion to modify custody orders is limited by

---

[6] The transcript discloses that the visits to the psychiatrist as ordered were intended to be at least as therapeutic as evaluative.

the requirement that such modification be based upon "either a material change of circumstances which alters the court's finding of the best interests of the child; *Trunik* v. *Trunik,* 179 Conn. 287, 289–90, 426 A.2d 274 (1979); *Cleveland* v. *Cleveland,* 165 Conn. 95, 100, 328 A.2d 691 (1973); *Tippin* v. *Tippin,* 148 Conn. 1, 3, 166 A.2d 448 (1960); *Sullivan* v. *Sullivan,* [141 Conn. 235, 239, 104 A.2d 898 (1954)]; or a finding that the custody order sought to be modified was not based upon the best interests of the child. *Stewart* v. *Stewart,* [177 Conn. 401, 407, 418 A.2d 62 (1979)]; *Simons* v. *Simons,* 172 Conn. 341, 348, 374 A.2d 1040 (1977)." *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447 (1982).

The plaintiff argues that the order was improper because neither evidentiary finding set forth in *Hall* v. *Hall,* supra, was made. The transcript and record support this argument. Since such is the case, it is concluded that the trial court abused its discretion in ordering therapy for the child. See *Strohmeyer* v. *Strohmeyer,* 183 Conn. 353, 356, 439 A.2d 367 (1981).

There is no merit in the defendant's contention that, because the order for therapy was issued pursuant to General Statutes §§ 46b-3 and 46b-6, *Hall* v. *Hall,* supra, is inapplicable. Section 46b-3 provides in pertinent part: "For the purposes of any investigation or pretrial conference the judge presiding at any family relations session may employ the services of any . . . physician, psychologist, psychiatrist or family counselor." Section 46b-6 provides: "In any pending family relations matter the court or any judge may cause an investigation to be made with respect to any circumstance of the matter which may be helpful or material or relevant to a proper disposition of the case. Such investigation may include an . . . evaluation of [a child's] mental or physical condition." General Statutes § 46b-6 thus permits the court to order an evaluation of a child's mental condition and, to that end, General

Statutes § 46b-3 allows the court to employ the services of a psychologist, psychiatrist or family counselor. The statutes provide a means by which the court, in its discretion, may obtain a distinterested assessment of the facts of the case. *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 542 n.6, 429 A.2d 801 (1980). They do not authorize any more than that.

Where the language of the statute is clear and unambiguous, we cannot subject its meaning to modification by construction. *Luttrell* v. *Luttrell,* 184 Conn. 307, 310–11, 439 A.2d 981 (1981); *Colli* v. *Real Estate Commission,* 169 Conn. 445, 450, 364 A.2d 167 (1975). Here, the language is clear. An *evaluation* of a physical or mental condition is not equivalent to *treatment* of such a condition.

"Evaluation" means "the act or result of evaluating"; "evaluate" in turn, is defined as "to examine and judge concerning the worth, quality, significance, amount, degree or condition of." Webster's Third New International Dictionary. "Therapy," on the other hand, means the "treatment of disease . . . by therapeutic means." Id. Neither § 46b-3 nor § 46b-6 of the General Statutes confers jurisdiction upon the court to order psychiatric or other therapy in the course of an investigation.

## II

At the time of the dissolution of the marriage, the plaintiff was awarded child support totaling $50 per week, and the defendant was required to convey his one half interest in the jointly owned marital home to her and to secure the release of a judgment lien on the home.[7] In November, 1982, the defendant received

---

[7] The judgment of dissolution provided in pertinent part that "the defendant Husband shall convey his one half interest in and to the jointly owned marital home located at 67 Lobsterback Road, in Shelton, Connecticut, to the plaintiff Wife in the consideration of $32,500, to be paid on or before

approximately $35,000 from the plaintiff for his interest in the house, but failed to release the lien. On February 24, 1983, the defendant was held in contempt for his failure to release the lien and was ordered to pay increased child support totalling $80 per week. The defendant appealed from the judgment of contempt[8] and from the increase in child support.[9]

The plaintiff subsequently filed a motion for counsel fees to defend the defendant's appeal and a motion for contempt for the defendant's failure to comply with the original child support order. The trial court granted the plaintiff counsel fees of $1500 and found the defendant in contempt for failure to pay a child support arrearage of $650 based on the original order. The defendant amended his appeal to include both the award of counsel fees and the second judgment of contempt.

While the dissolution action was pending, the plaintiff filed child abuse charges against the defendant. The charges were based on affidavits of the plaintiff and her mother and statements of the minor child for whom the therapy was ordered. These charges were dismissed on the basis of representations by the plaintiff's former attorney and others that no child abuse had occurred and that the supporting affidavits or the statements of the minor child had been fabricated. After the

---

November 1, 1981. The plaintiff Wife shall execute a noninterest bearing promissory note and a second mortgage to be placed on the land records reflecting her obligation to the defendant Husband. The second mortgage is to be subject only to the first mortgage presently on the premises. If the payment is not made on or before November 1, 1981, the note will bear interest at the rate of 10 percent per annum."

[8] The claim that the court erred in its finding of contempt for failure to pay off the lien was not briefed on appeal and is therefore considered abandoned. *State* v. *Gradzik,* 193 Conn. 35, 44 n.11, 475 A.2d 269 (1984); *New England Whalers Hockey Club* v. *Nair,* 1 Conn. App. 680, 682 n.2, 474 A.2d 810 (1984).

[9] Upon the filing of this appeal, the increased support award was automatically stayed. Practice Book § 3065. The stay did not extend to the original order.

defendant's motion to erase the affidavits from the record was denied on May 11, 1983, he further amended his appeal to include that denial.

The defendant claims that the trial court erred in increasing his child support payments from $50 to $80 per week in the absence of a substantial change of circumstances as required by General Statutes § 46b-86. That section, as delineated by our case law, requires that a party seeking modification must show a substantial change in the circumstances of either party which occurred subsequent to the entry of the original decree and which was not contemplated at the time of the original order. *McCann* v. *McCann,* 191 Conn. 447, 450–51, 464 A.2d 825 (1983); *Howat* v. *Howat,* 1 Conn. App. 400, 402–403, 472 A.2d 799 (1984). Thus, an increase in the income and assets of the supporting party since the original decree may constitute a substantial unforeseen change of circumstances. *Hardisty* v. *Hardisty,* 183 Conn. 253, 439 A.2d 307 (1981).

In this case, the defendant was unemployed and receiving approximately $154 per week in unemployment compensation at the time of the dissolution of the marriage. At the hearing more than two years later, he testified that for a period of about four months during that interim he was employed at the rate of $415 per week. He also testified that at various other times after the initial decree he was self-employed as an insurance agent, in which capacity he earned between $225 and $250 per week.

It is evident that the original support order was based on the defendant's unemployability and that this condition changed over the course of time. The defendant's renewed capacity for employment was a change of circumstances sufficient to trigger a reconsideration of the initial order. The trial court, therefore, was justified in reviewing any unmet and continuing needs of

the children which existed at the time of the original decree or in reevaluating the existing award in terms of their present needs, using the same criteria as required for an initial award. *Howat* v. *Howat,* supra, 406. The fact that the defendant was once again unemployed at the time of the hearing on the plaintiff's motion for modification does not change the result. Evidence of earning capacity rather than the actual earned income of the parties may be utilized in determining the appropriate financial awards. *Miller* v. *Miller,* 181 Conn. 610, 611–12, 436 A.2d 279 (1980); *McKay* v. *McKay,* 174 Conn. 1, 2, 381 A.2d 527 (1977). The trial court did not abuse its discretion in increasing the defendant's child support obligation.

The defendant also claims that the trial court erred in finding him in contempt for failing to pay a child support arrearage of $650 based on the original order and in awarding the plaintiff $1500 in counsel fees. Both claims of error are based upon the assertion that he lacked assets with which to pay either the arrearage or the counsel fees.

A review of contempt orders in a domestic relations case is limited to questions of jurisdiction and whether the acts for which the punishment was imposed could constitute contempt. *Friedlander* v. *Friedlander,* 191 Conn. 81, 84, 463 A.2d 587 (1983). This review is further limited to determining whether the trial court could reasonably conclude as it did. The action of the trial court will not be disturbed unless it abused its discretion, "and in determining this the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [I]t is the sole province of the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence." *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979).

The trial court was not bound to accept the defendant's testimony. It could and did conclude that other evidence was more probative. Id., 264–65; *Stanton* v. *Grigley,* 177 Conn. 558, 563, 418 A.2d 923 (1979). The trial court found that the defendant had created his own impoverishment by divesting himself of assets. The defendant received approximately $35,000 from the plaintiff for his interest in the marital home. After turning over most of that amount to his father in repayment of undocumented loans, the defendant lived on funds borrowed back from his father. While the inability of a party to obey an order of the court, without fault on his part, is a good defense to a charge of contempt; *Mays* v. *Mays,* 193 Conn. 261, 264, 476 A.2d 562 (1984); the evidence in this case supports the court's conclusion that the defendant voluntarily depleted his assets in disregard of the support order by transferring the money to his father. The trial court did not abuse its discretion in finding the defendant in contempt for failing to pay child support arrearages.

The court did not abuse its discretion in awarding the plaintiff counsel fees. In determining whether to award counsel fees, the trial court must consider the total financial resources of the parties in light of the criteria set forth in General Statutes §§ 46b-62 and 46b-82. *Turgeon* v. *Turgeon,* 190 Conn. 269, 280, 460 A.2d 1260 (1983). Among the criteria to be considered are the length of the marriage, "the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment." General Statutes § 46b-82. An examination of the transcript reveals that ample testimony as to the statutory criteria was presented to and considered by the court. There was, therefore, no abuse of discretion based, as

the defendant claims, on the court's failure to consider those factors. The defendant also argues that the trial court relied exclusively on "a disposal of the assets theory," yet did not find and set aside a fraudulent conveyance. In view of the foregoing, it was unnecessary for the court to do so.

The defendant also claims that the trial court erred in refusing to erase from the dissolution file copies of affidavits filed in connection with criminal charges.[10] The affidavits consisted of statements by the plaintiff and her mother given to the police in support of a warrant for the defendant's arrest.[11]

In moving for the erasure, the defendant relied on General Statutes § 54-142a which provides in pertinent part: "Whenever in any criminal case . . . the charge is dismissed, all police and *court records* and records of any state's attorney pertaining to such charge shall be erased." (Emphasis added.) The phrase "court records" as used in that section was construed by the Supreme Court in *Doe* v. *Manson,* 183 Conn. 183, 187, 438 A.2d 859 (1981), as "those [records] created or maintained by or for a court with respect to all court proceedings from commencement to termination." Accordingly, a mittimus, presentence investigation report and transcript of sentencing hearings were held to be court records as contemplated by § 54-142a. Under *Doe* v. *Manson,* supra, it is thus clear that statements given in support of an application for an arrest warrant are also a part of the court record.

The beneficiaries of the provisions of General Statutes § 54-142a are "the accused in criminal cases. . . . The erasure of criminal records demanded by [that statute]

---

[10] This issue was not briefed by the plaintiff-appellee.

[11] It appears that copies of the statements were filed in the dissolution action in connection with an application for an ex parte order to restrain the defendant from exercising pendente lite visitation rights.

is a personal right of the accused only." *McCarthy* v. *Freedom of Information Commission,* 35 Conn. Sup. 186, 193, 402 A.2d 1197 (1979).

The trial court, in denying the defendant's motion for erasure, relied on the confidentiality afforded by General Statutes § 46b-11. That statute does not sufficiently protect this right.[12] The defendant was entitled to have the record erased.

There is error on the plaintiff's appeal (No. 2404) and there is error in part on the defendant's appeal (No. 2471), the judgments ordering therapy for the minor child and denying the defendant's motion for erasure are set aside, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[12] General Statutes § 46b-11 provides in pertinent part: "The records and other papers in any family relations matter may be ordered by the court to be kept confidential and not be open to inspection except upon order of the court or judge thereof for cause shown."

In its memorandum of decision denying the defendant's motion for erasure, the trial court stated that erasure was not necessary to carry out the purposes of General Statutes § 54-142a "[b]ecause the legislature specifically provided the Family Court with the authority to seal all records and papers in a Family Court file . . . ."