[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff Husband and the Defendant Wife were married on November 22, 1978 at Chicago, Illinois. There are three minor children issue of this marriage to wit: Solomon David Keller, born January 18, 1984, Seattle Robin Keller born June 22, 1985 and Sabra Tantara Keller born November 17, 1988.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues in this matter involves the custody of the minor children. Each parent seeks sole custody. The Family Relations Counselor who conducted the court ordered study recommends that sole custody be granted to the Plaintiff Husband. The psychologist who conducted the court ordered evaluation of the parties recommends that sole custody be granted to the Defendant Wife. The attorney representing the minor children takes the position that sole custody should be granted to the Plaintiff Husband.
In Scherr v. Scherr, 183 Conn. 366, 368 (1981) our Supreme Court stated in a footnote ". . . that domestic relations cases often involve factual matters which a trial court may wisely determine not to set forth in a memorandum in order to avoid unnecessary publicity." In addition, there are times when it would serve no useful purpose to have certain facts readily available for public inspection. This is such a case. The court, therefore, will not go into a detailed description of the testimony presented but will outline in general terms the findings that lead it to its ultimate order.
The Defendant Wife was the product of an unstable family background. She has been an alcoholic for some twenty-one years, has abused drugs, and has on many occasions engaged in most inappropriate conduct, including violent behavior. She has, however done an excellent job of turning things around. She is now a recovering alcoholic. She has not touched any alcoholic beverage since January 1, 1989 and has been an involved and active participant in Alcoholics Anonymous. She is currently receiving therapy from a social worker who is a licensed marriage and family therapist. She was very candid in her testimony and appeared deeply committed to overcoming her past problems. Nevertheless, it cannot be said that the recovery is complete. There have been recent incidents that demonstrate that more time is needed before her major problems are under sufficient control. This court feels confident that she will achieve this goal but she is not there yet.
The Plaintiff Husband, while apparently coming from a more stable family background than the Defendant Wife, has himself engaged in his own form of very inappropriate conduct including CT Page 4659 the use of illegal drugs. He has not, however, displayed any violent tendencies, has not had a problem with alcohol and as stated by the court appointed psychologist "is the more stable parent emotionally." The Defendant Husband is also currently receiving therapy from a licensed marriage and family therapist.
Although the court appointed psychologist is of the opinion that the Defendant Wife was the more nurturing parent, he describes the Plaintiff Husband as "a loving and concerned father" who takes pride in his children, loves them and is involved with them.
During the course of the trial the court explored the possibility of a joint custody arrangement. It became clear. however, from the testimony of all of the professionals involved in this matter that there was nowhere near the degree of communication and cooperation between the parties that is required for joint custody. In addition, neither party requested joint custody. See Emerick v. Emerick, 5 Conn. App. 649 (1985).
After a thorough review of all of the evidence presented to the court and careful consideration of what is in the best interests of the minor children the following order shall enter:
The Plaintiff Husband shall have sole custody of the minor children subject to visitation as follows:
(a) The first, third and fourth weekend of every month commencing on Friday at 7:00 P.M. and ending on Sunday at 6:00 P.M. shall be with the Defendant Wife.
(b) Every Wednesday evening between the hours of 5:30 P.M. and 8:30 P.M. shall be with the Defendant Wife.
(c) Major holidays shall be spent as follows:
(1) Thanksgiving day shall be alternated commencing with Thanksgiving 1991 being with the Defendant Wife.
(2) Mother's day shall be with the Defendant Wife.
(3) Father's day shall be with the Plaintiff Husband. If Father's Day shall fall on a weekend on which the Defendant wife has visitation then such visitation shall end on Sunday at 10:00 A.M. rather than 6:00 P.M.
(4) If a major non-religious holiday shall fall on a Monday after a weekend on which the Defendant Wife has visitation then such visitation shall extend until 6:00 P.M. on Monday. CT Page 4660
(5) The first part of the Christmas school vacation commencing on the day school closes until 10:00 A.M. on December 26 shall be spent with the Defendant Wife. The balance of the Christmas school vacation shall be with the Plaintiff Husband.
(6) The Defendant Wife shall have two non-consecutive two week periods with the children during the summer school recess, provided she gives the Plaintiff Husband 30 days prior notice of the dates she has selected.
(7) Except as above provided, school recesses shall be alternated commencing with the winter recess being with the Defendant Wife.
(8) Such other and further times as the parties mutually agree.
(9) Each party shall have reasonable telephone contact with the children when they are with the other party.
(10) The Plaintiff Husband shall not remove the residence of the minor children from the state of Connecticut without giving the Defendant Wife 90 days prior written notice.
The Defendant Wife shall, of course, pursuant to 46b-56 (e) of the Connecticut General Statutes, have access to all of the children's academic, medical, hospital and other health records.
While this court has no power to order any party to undergo therapy (See Pascal v. Pascal, 2 Conn. App. 472 (1984)) the previous orders are based in part on the fervent hope and expectation of the court that:
(1) The Defendant Wife will continue in Alcoholics Anonymous;
(2) Both parties will continue in their therapy and make their parenting skills one of the issues to be addressed; and,
(3) The children will receive such therapy and counseling as may be appropriate in the future.
It is entirely possible that sometime in the future circumstances may change to the extent that a meaningful joint custody arrangement would be appropriate. This court, of course, always has continuing jurisdiction in this regard.
In addition, the court has taken into consideration all of the criteria contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows: CT Page 4661
1. The Defendant Wife shall pay to the Plaintiff Husband the sum of $50.00 per week for the support of each of the minor children, until such child reaches the age of majority or is sooner emancipated. This order shall be subject to a contingent wage execution. The child support guidelines are not applicable in this matter as the combined net income of the parties exceeds $750.00 per week.
2. Neither party shall pay periodic alimony to the other.
3. The Defendant Wife shall continue to maintain the presently existing health insurance available to her through her employment for the benefit of the minor children. If such insurance is no longer available to the Defendant Wife through her employment and if health insurance is available to the Plaintiff Husband through his employment then he shall maintain such insurance for the benefit of the minor children. If neither party has health insurance available to them through their employment then they shall purchase Blue Cross and Blue Shield (or its equivalent) for the benefit of the minor children and shall share equally in the cost of such insurance.
In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid 35% by the Defendant Wife and 65% by the Plaintiff Husband; provided, however, that except in the case of an emergency no such expenses for which the Defendant Wife might be liable shall be incurred without her prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
4. All of the contents of the former family residence at 23 Flax Hill Road, Brookfield, Connecticut shall be the sole and exclusive property of the Plaintiff Husband except the following which shall be the sole and exclusive property of the Defendant Wife:
(a) Her clothing
(b) Her diaries on the children
 (c) Her photographs of herself as a baby and later, consisting of approximately four photo albums, plus loose photos
(d) 1/2 of children's baby pictures.
(e) porcelain doll collection consisting of: CT Page 4662
 2 — old-fashioned ladies (red dress, yellow dress)
1 — gold clown doll
1 — white rabbit doll
1 — blonde doll w/banana curls
1 — brunette curly-haired doll
 (f) 12 lead soldiers bought by the Defendant Wife's father as a gift for Solomon
(g) 1 wooden cradle made by the Defendant Wife's father
(h) 1 wooden wagon made by the Defendant Wife's father
 (i) 1 model double decker bus bought by the Defendant Wife's father in England
 (j) 1 cast iron toy — horses carriage, bought by the Defendant Wife's father
 (k) 1 stained glass picture showing the sun, earth moon
 (l) 1 bentwood rocker given as a Christmas gift by the Defendant Wife's father
 (m) 2 guitars — one Conn acoustic one acoustic w/red front
(n) 1 Singer sewing machine w/cams
 (o) 1 — 25 inch color TV or 1 40 inch Mitsubishi wide screen TV (selection to be made by the Plaintiff Husband)
(p) 1 of the 3 VCRs
(q) 1/2 of the CD collection
(r) 1/2 of the videotape collection
(s) 1 queen-size down comforter
(t) "Forever Spring" china, approximately 40 pieces CT Page 4663
(u) Tupperware
(v) Toshiba microwave oven
(w) Microwave cookware
(x) Revere cookware
(y) 3 spiral books on how to crochet
(z) All other books collected by the Defendant Wife
(aa) All Christmas decorations
5. The Plaintiff Husband shall maintain insurance on his life naming each child as the beneficiary of at least $25,000 of such insurance until such child reaches the age of majority or is sooner emancipated.
6. The Plaintiff Husband shall indemnify and hold the Defendant Wife harmless from any and all taxes, interest and penalties owed to the Internal Revenue Service for the year 1987 and all previous years.
7. The Plaintiff Husband shall reimburse to the Defendant wife the sum of $1,700.00 representing the approximate amount of income tax refunds that were due to the Defendant Wife but were applied to the Plaintiff Husband's tax liability by the Internal Revenue Service. Said sum shall be paid in full within six months from the date hereof.
8. The fees and costs of Dr. Robert S. Colen who conducted the court ordered evaluation shall be paid equally by the Plaintiff Husband and the Defendant Wife.
9. The fees of Attorney Lynne D. Jackson, the attorney for the minor child, shall be paid 35% by the Defendant Wife and 65% by the Plaintiff Husband. If the parties cannot agree with attorney Jackson as to the amount of such fees and/or the terms of payment thereof they may return to this court and the court will issue appropriate orders.
10. Except as expressly provided herein, each party shall be responsible for and shall indemnify and hold the other party harmless from all of the liabilities shown in Section 3 of their financial affidavits filed with this court on November 28, 1990.
11. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed CT Page 4664 with this court on November 28, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
12. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE