[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, charged with possession of an assault weapon in violation of General Statutes § 53-202c (a)[1] has filed a motion to dismiss the information pursuant to Practice Book § 41-8(2), alleging that it fails to charge an offense. The court, having considered the arrest warrant, briefs and oral argument denies the motion.
The following statements contained in the arrest warrant are pertinent. On April 28, 1999, inspectors assigned to the New London State's Attorney's Office executed a search warrant for Room 205, marked "High Sheriff Gerard Egan," located in the New London Judicial Courthouse. During the execution of the warrant, an unloaded Ruger Mini-14 with a folding stock was located and seized. The defendant acknowledged to the inspectors that the Ruger Mini-14 was his personal property, not that of the Sheriff's Office.
The first ground for dismissal alleged is that the provisions of §53-202c (a) do not apply to the defendant who is the High Sheriff of New London County. The defendant contends he is included in the group described in § 53-202c (b), which provides: "The provisions of [§ 53-202c (a)] shall not apply to the possession of assault weapons by members or employees of the Department of Public Safety, police departments, the Department of Correction or the military or naval forces of this state . . . for use in the discharge of their official duties. . . ." Specifically, the defendant asks the court to construe § 53-202c
(b) so as to include the sheriff as a member of a "police department."
"It is [the court's] duty to `interpret statutes as they are written.'Muha v. United Oil Co., 180 Conn. 720, 730, 433 A.2d 1009 (1980). `Courts CT Page 9186 cannot, by construction, read into statutes provisions which are not clearly stated.' Robinson v. Guman, 163 Conn. 439, 444, 311 A.2d 57
(1972); Johnson v. Manson, 196 Conn. 309, 314, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813, 88 L.Ed.2d 787 (1986);Houston v. Warden, 169 Conn. 247, 251-52, 363 A.2d 121 (1975). `[T]he intent of the legislature is to be found not in what it meant to say but in what it did say.' Federal Aviation Administration v. Administrator,196 Conn. 546, 549-50, 494 A.2d 564 (1985); State v. Smith, 194 Conn. 213,222, 479 A.2d 814 (1984); Gomeau v. Forrest, 176 Conn. 523, 526,409 A.2d 1006 (1970); see also Burnam v. Administrator, 184 Conn. 317,325, 439 A.2d 1008 (1981); Colli v. Real Estate Commission, 169 Conn. 445,452, 364 A.2d 167 (1975). A statute `does not become ambiguous merely because the parties contend for different meanings.' Luttrell v.Luttrell, 184 Conn. 307, 310-11, 439 A.2d 981 (1981); Caldor, Inc. v.Heffernan, 183 Conn. 566, 571, 440 A.2d 767 (1981); see also StateMedical Society v. Board of Examiners in Podiatry, 208 Conn. 709, 721,546 A.2d 830 (1988). Given an unambiguous statute, "it is assumed that the words themselves express the intent of the legislature . . . and there is no need to construe the statute.' . . . Federal AviationAdministration v. Administrator, supra, 549-50; State v. Smith, supra, 221; Bell v. Planning Zoning Commission, 173 Conn. 223, 226, 377 A.2d 299
(1977); Houston v. Warden, supra, 251; Hartford Hospital v. Hartford,160 Conn. 370, 375-76, 279 A.2d 561 (1971)." Glastonbury Co. v. Gillies,209 Conn. 175, 179-80, 550 A.2d 8 (1988).
In promulgating General Statutes §§ 53-202a through 53-202d, the legislature specifically defined which firearms were classified as assault weapons, limited and regulated the sale or transfer of assault weapons, restricted their possession and provided for the manner by which individuals who lawfully possessed assault weapons prior to October 1, 1993, could apply for a certificate of possession. Our Supreme Court held that the statutory assault weapons "ban serves a legitimate interest of the state acting pursuant to its police power." Benjamin v. Bailey,234 Conn. 455, 471, 662 A.2d 1226 (1995). The legislature has clearly defined which individuals can possess assault weapons and the limited purposes for which they can be possessed.
The court is aware of the history of the office of Sheriff in Connecticut from Colonial times, its constitutional legacy, and of the special powers sheriff s possess under statute. The court recognizes that pursuant to General Statutes § 6-31 "[e]ach sheriff . . . in his county . . . may, when necessary, with force and strong hand, suppress all tumults, riots, unlawful assemblies and breaches of the peace . . ."
The defendant claims that as a sheriff, he is a police officer and thus he is a member of a police department. The defendant has not provided, CT Page 9187 and the court has not found, any cases which hold that a sheriff is a police officer or that a sheriffs department is a police department. The defendant does cite and places great weight upon Attorney General Opinion No. 93-028 (September 21, 1993). That opinion dealt with the extent of the authority of the Municipal Police Training Council under General Statutes §§ 7-294a through 7-294e to impose mandatory training requirements upon persons empowered by statute to act in the capacity of a police officer. The definition of "police officer" contained in §7-294a does not specifically include the sheriff, although it does define a police officer as "any member of a law enforcement unit who performs police duties". The attorney general concluded that over twenty-five entities or individuals are empowered under statute to perform police duties. The attorney general opined that sheriffs and their special deputies are members of a "law enforcement unit" and are "police officers" as those terms are defined by Connecticut General Statutes § 7-294a. The opinion also stated that special constables named pursuant to General Statutes § 7-92, special policemen for state property appointed pursuant to General Statutes § 29-18, special policemen for investigating public assistance fraud appointed pursuant to General Statutes § 29-18a, adult probation officers, and university police provided for in General Statutes § 10a-142 are all "police officers" within the meaning of § 7-294a. It was also the attorney general's opinion that state park police appointed pursuant to General Statutes § 23-18 belonged to a "law enforcement unit". "Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive." (Internal quotation marks omitted.) Velez v. Commissioner of Correction,250 Conn. 536, 545, 738 A.2d 604 (1999). Opinion No. 93-028 may be persuasive as to which individuals are required to have municipal police training, however, the court is not convinced it controls who may possess an assault weapon. If, as the defendant argues, Opinion No. 93-028 requires that § 53-202c (b) be interpreted to allow sheriffs to possess assault weapons, by implication, all the individuals and groups required to receive municipal police training would be permitted to possess assault weapons. Under such an interpretation, the group of individuals allowed to possess assault weapons would be so large and varied that it could not fit into the concise and narrow exception created by § 53-202c (b). The court can not, by construction or syllogistic reasoning, construe the plain language "members or employees of . . . police departments" of § 53-202c (b) to include a sheriff.
The court is unable to escape the conclusion that if the legislature intended that sheriffs be permitted to possess assault weapons, it simply would have included "sheriffs" in § 53-202c (b). It is noted that the legislature chose not to use the broader term "peace officer" as defined in General Statutes § 53a-3 (9) when it described the group permitted CT Page 9188 to possess assault weapons. That term includes a sheriff and deputy sheriff a member of an organized local police department, and several of the positions mentioned in Attorney General's Opinion No. 93-028. By using the specific language ". . . members or employees of . . . police departments . . ." in § 53-202c (b) the legislature evidenced an intent that not all "peace officers" were permitted to possess assault weapons.
In another area of firearm regulation, the legislature did recognize the office of sheriff. In promulgating General Statutes § 29-35 (a), the legislature expressly exempted any sheriff and peace officer from the provisions of General Statutes § 29-28, which requires a permit to carry a pistol or a revolver. If the legislature intended to exclude sheriffs from the ban on possession of assault weapons, presumably it would have done so.
As the second ground for dismissal, the defendant alleges that the information is defective since it fails to allege that the defendant knowingly possessed the subject firearm with knowledge of the characteristic that makes it an assault weapon. The defendant asks the court to graft a mens era element on to § 53-202c (a); the court declines to do so. The defendant concedes that the subject firearm, a Ruger Mini-14/5F Folding Stock Model, is specifically defined as an assault weapon in § 53-202a (1). The defendant points out that a straight stock Ruger Mini-14 is not defined as an assault weapon and that he possessed the subject weapon for more than nine years, prior to the enactment of § 53-202c (a), when it was legal to do so. The defendant claims that it is not common knowledge that the feature of a folding stock could cause a weapon to be classified as an assault weapon. The defendant argues that under the holding of Staples v. United States,511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), the state must allege and prove that the defendant knowingly possessed the Ruger Mini-14/5F Folding Stock Model rifle and also must allege and prove that the defendant was aware of the offending characteristics of the weapon that made it a proscribed assault weapon.
This argument overstates the narrow holding of Staples. In Staples, the Bureau of Alcohol, Tobacco and Firearms seized an AR-15 rifle, a semi-automatic weapon, from the defendant. Possession of an AR-15 is legal. The defendant's AR-15, however, had been modified to be capable of fully automatic fire. As modified, the defendant's AR-15 was subject to the strict registration requirement of the National Firearms Act. The defendant claimed to be unaware that his weapon could fire automatically. The Supreme Court, emphasizing that its holding was a narrow one, read a limited mens era requirement into the act. That requirement was only that the government prove that the defendant was CT Page 9189 aware of the feature that subjected his weapon to regulation. InStaples, the court noted that virtually any semi-automatic weapon "may give no externally visible indication that it is fully automatic." Id., 615.
In this case, the make and model number of the defendant's firearm are obvious as is its listing in § 53-202a as an assault weapon. Staples
is inapposite to his claim. There is no hidden or undetectable feature of the defendant's firearm that makes it a statutorily proscribed assault weapon. The thrust of the defendant's argument is that he believed his weapon was not an assault weapon, hence, he was not required to take any action in response to the assault weapon legislation. This court has "no reason to suppose that the legislature wished to create an exception to the axiom that ignorance of the law is no excuse by conditioning a violation of the statute upon awareness of the necessity for a [certificate of possession]." State v. Kreminski, 178 Conn. 145, 148,422 A.2d 294 (1979).
The defendant also argues that because violation of § 53-202 (c) is a felony, a mens era is required. Our Supreme Court has stated "that there are many instances where the requirement of criminal intent has been omitted from police regulatory or public welfare statutes.Morrissette v. United States, 342 U.S. 246, 255-58, 72 S.Ct. 240,96 L.Ed. 288 (1952)." State v. Kreminski, supra, 178 Conn. 149. "Public policy may require that in the prohibition or punishment of particular acts it may be provided that he who shall do them shall do them at his peril, and will not be heard to plead in defense good faith or ignorance.Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 70, 30 S.Ct. 663,54 L.Ed. 930 (1910)." State v. Kreminski, supra, 178 Conn. 150. "[W]hether a provision for imprisonment necessarily implied a requirement of mens rea, has long been resolved in favor of the view that the abandonment of the element of intent depends upon the "peculiar nature and quality of the offense' and whether the penalty serves as an effective means of regulation. Morrissette v. United States, supra, 259; United States v.Dotterweich, 320 U.S. 277, 280, 64 S.Ct. 134, 88 L.Ed. 48 (1943); UnitedStates v. Balint, 258 U.S. 250, 251, 42 S.Ct. 301, 66 L.Ed. 604 (1922)."State v. Kreminski, supra, 178 Conn. 152.
The court considers §§ 53-202a through 53-202d containing the assault weapons ban to be police regulatory statutes and will not infer a mens rea element in § 53-202c where one is not stated. It is significant that although § 53-202c is a class D felony, it contains a provision that a first time violation, under certain conditions, is a class A misdemeanor.
In his brief, the defendant has raised several constitutional CT Page 9190 challenges to § 53-202c (a). He claims that the statute is unconstitutionally vague. "A statute is not unconstitutional merely because a person must inquire further as to the precise reach of its prohibitions, nor is it necessary that a statute list the exact conduct prohibited." Packer v. Board of Education, 246 Conn. 89, 101, 717 A.2d 117
(1998).
The defendant claims the statute impinges on the constitutional right to bear arms. Our Supreme Court specifically held that a statutory ban on assault weapons does not infringe on the right to bear arms. Benjamin v.Bailey, supra, 234 Conn. 471. The defendant further claims that §53-202c (a) is a bill of attainder. Our Supreme Court specifically found that it was not. Id., 481. Contrary to the defendant's claim, the statute is not an ex post facto law since the defendant is not charged with possessing the assault weapon on a date which precedes the enactment of § 53-202c.
The defendant states that enforcement of 53-202c (a) as promulgated by the legislature against a high sheriff, a member of the executive branch, violates the separation of powers provision of article second of the Connecticut constitution. There is a violation if one branch's actions constitute a significant interference with the orderly conduct of the essential functions of another branch. State v. Kinchen, 243 Conn. 690,699, 707 A.2d 1255 (1998). The court cannot conclude that by denying the sheriff the right to possess assault weapons the legislature has significantly interfered with the orderly conduct of the sheriffs duties.
For the foregoing reasons, the defendant's motion to dismiss is denied.
Domnarski, J.